Pearson, J.
 

 The Revised Statute, ch. 31, sec. 40, provides, that no suit shall be commenced in the Superior Courts for a demand of less value than sixty dollars, due by open account. The 42d sec. provides, that, if any person shall demand a greater sum than is due,
 
 on purpose to evade the operation of this act,
 
 and the jury shall find a sum less than sixty dollars principal and
 
 interest,
 
 the Court shall nonsuit the plaintiff, unless an affidavit is made, that the sum for which the suit is brought is really due, “ but that for want of proof and that the time limited for the recovery of any article bars a recovery ” then and in that case there shall be judgment. This section is incomplete, and is even hardly expressed : but the substance of it is,
 
 *466
 
 that a verdict for a less sum shall be taken as
 
 prima facie
 
 evidence of an intent to evade the operation of the
 
 act,
 
 unless the implication is rebutted by an affidavit, that the sum really due is over the amount of sixty dollars, and that the verdict for a less sum was, in consequence of a want of proof or the exclusion of certain items by the statute of limitations, or for som e other cause of the like kind, so as to show that the suit was commenced in the Superior Court in good faith, and not on purpose to evade the operation of the act. The words oí the' act specify but two cases — where there is a want of proof and when the statute of limitations bars: but it is clear from the whole act, that the object of the 42d sec. was to prevent evasions, and that, by its true meaning and import, it embraces not merely the two cases specified, but all cases of a like kind, when the plaintiff honestly expected to recover a larger sum, and by affidavit accounts for the fact of there being a verdict for a less sum, so as to make it consistent with the idea, thát there was no attempt at evasion. Eor instance, suppose the claim of the plaintiff is reduced to a less sum by a set off, the case is not within the words, but is within the meaning;'the amount of the plaintiff’s’ demand made it necessary for him to proceed by writ and not by warrant, and it was not for him to know, whether the defendant would avail himself of the set off; his doing so accounts for the recovery of a less sum, and rebuts the implication of an intent to evade. So when the plaintiff honestly believes, upon reasonable grounds, that he is entitled to interest, which brings his case within the jurisdiction, but the jury do not allow interest, the matter is sufficiently explained, and the implication of an intent to evade is rebutted; for it was necessary to proceed by writ in order to recover interest, inasmuch as a single justice could not give judgment for an amount over sixty dollars, although he might consider that the plaintiff was entitled
 
 *467
 
 to interest. Rev. Stat. ch. 72, sec. 6, allows a single justice in the case of bonds, &c., to give judgment, although, by reason of interest the amount exceeds one hundred dollars, but there is no similar provision in regard to open accounts, &c.
 

 In the present case the plaintiff swears, that he believed he was entitled to interest; was this belief based on reasonable ground ? This is established by the fact, that his honor, (without exception) “ charged the jury, that they might allow interest if they thought proper,” and it may be, that but for “ the want of proof” or regard to the usage between the plaintiff and his customers, or in regard to a direct understanding between the plaintiff and defendant, as to interest after the expiration of the year, it would have been the duty of his Honor to have made a more specific charge in reference to the plaintiff’s right to interest. There is no error, judgment affirmed.
 

 Per Curiam. Judgment affirmed.